MOSE CARTER v. IRENA COLSON

194 So. 619
Division A
Opinion Filed March 1, 1940
Rehearing Denied April 29, 1940

*Randolph Calhoun,* for Appellant;

*J. Douglas Arnest* and *Frank Redd,* for Appellee.

BUFORD, J.—On March 27th, 1936, Irena Colson executed a deed conveying property to Ida Carter and her husband, Mose Carter.

The property involved was rental property.

The court found "that the deed executed by the plaintiff Irena Colson to Ida Carter and Mose Carter, husband and wife, the defendants, was made and given without any cash consideration being received by the plaintiff therefor, but was in fulfilment of an agreement and undertaking by the grantees therein, the said Ida Carter and Mose Carter, to use the proceeds therefrom for the support and maintenance of the plaintiff and for the personal care and attention of the plaintiff Irena Colson by the said grantees."

At the time of the execution of the deed grantor was some 79 years of age, was permanently disabled from the effects of age and the result of an automobile accident.

Some time after the execution of the deed Ida Carter became insane and after the institution of this suit, which was on March 11th, 1938, died.

This suit was instituted to cancel the deed on account of failure of consideration and because it was obtained as the result of undue influence exercised by the grantees on the grantor.

Among other things, the Chancellor found and decreed:

"The Court further finds that the grantees in said deed kept and performed fully their agreement and undertaking to support and maintain the plaintiff until one of the grantees in said deed was committed to the insanse asylum and later died; that thereafter the surviving grantee, the defendant herein, since the death of his wife, Ida Carter, has not complied, and cannot comply with the undertaking and agreement which was the consideration of the said deed, and has not accounted to the plaintiff for the net proceeds of the property described in the aforesaid deed.

"The court further finds the allegations of the amended bill charging that the said deed was obtained from the plaintiff by reason of undue influence has not been sustained by the proof in this cause.

"It is thereupon ordered, adjudged and decreed that that certain deed described in the amended bill of complaint, from Irena Colson to Ida Carter and Mose Carter, husband and wife, conveying lots 4 and 5 of the subdivision of lot 15 of Block Y, of the recorded plat of the town of Sarasota, Florida, the plat of said subdivision being recorded on page 184, Plat Book No. 1 of the public records of Manatee County, Florida, and recorded in Deed Book 137, page 468, public records of Sarasota County, Florida, be, and the same is hereby cancelled, rescinded and set aside, conditioned upon the plaintiff paying to the Clerk of this court, for the use and benefit of the defendant Mose

Carter the sum of $206.18, the amount found by the Master upon an accounting necessary to place the parties *in statu quo*. Said payment to be made within thirty days from this date. And conditioned further upon the plaintiff herein paying off and discharging that certain obligation assumed personally by the defendant Mose Carter to First Ban Credit Corporation, for certain improvements on the property described in the deed, in the sum of $122.32, within thirty days from this date."

. That the remedy sought is available in such cases as this is well established. See Black on Rescission and Cancellation, Vol. 1, page 438, Sec. 18, *et seq.;* 4 R. C. L. 509-510. Under the texts, *supra,* numerous cases are cited from many jurisdictions to support the same.

There is ample evidence reflected by the record to support the findings of the Chancellor and the record discloses no reversible reror. So the decree should be, and is, affirmed.

So ordered.

TERRELL, C. J., and THOMAS, J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.